IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

GLADYS TELLO,
Individually & on behalf of all
similarly situated employees,

   Plaintiff(s),

**CLASS ACTION ALLEGATIONS**

vs.

METROPOLITAN HEALTH COMMUNITY
SERVICES CORPORATION d/b/a
Metropolitan Hospital of Miami,

   Defendant.
_____/

## Complaint

1. The Plaintiff, Gladys Tello, individually and on behalf of a class of similarly situated employees, by and through the undersigned counsel pursuant to 29 U.S.C. § 2101, *et seq.*, sues Defendant, Metropolitan Health Community Services Corporation (hereinafter "Metropolitan Hospital") for violating the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and in support of state the following:

### Jurisdiction & Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the Court has subject matter jurisdiction over the WARN Act, 29 U.S.C. § 2101.

3. Venue is in the Southern District of Florida as all material actions occurred in Miami-Dade County, Florida.

### The Parties

4. Defendant Metropolitan Hospital, Florida Profit Corporation organized in the State of Florida, which does business in Miami-Dade County, Florida.

5. Defendant's principal place of business is 5959 N.W. 7th Street, Miami, Florida 33126.

6. From on or about October 2006 until on or about April 30, 2014, Defendant operated its hospital as a single site of employment as that term is defined under 20 C.F.R. § 639.3(i).

7. On April 30, 2014 Defendant had a plant closing.

8. Defendant did not give its employees sixty days notice for the plant closing.

9. Plaintiff is a resident of Miami-Dade County.

10. Plaintiff was a full-time employee of Defendant's from on or about 2007 through April 30, 2014.

**General Factual Allegations**

11. Defendant has employed more than 100 employees within the past 90 days.

12. In fact, Defendant has employed in excess of 300 employees within the past ninety days, excluding part-time employees as that term is defined under 29 U.S.C. § 2101(a)(8).

13. During the ninety days before April 30, 2014, Defendant has employed 100 or more employees who in the aggregate worked at least 4,000 hours per week (exclusive of overtime).

14. As a result of Defendant closing on April 30, 2014, at least 50 employees (excluding part-time employees as that term is defined at 29 U.S.C. § 2101(0(8)) experienced an employment loss as that term is defined at 29 U.S.C. § 2101(a)(6).

15. Defendant failed to provide sixty days written notice to affected employees prior to the termination of employment of these affected employees as that term is defined at 29 U.S.C. § 2101(a)(5).

**Class Action Allegations**

16. The Representative Plaintiff seeks to represent a class consisting of all employees of Defendant who suffered an employment loss at the hospital within the ninety days preceding April 30, 2014, who were not specifically offered employment with Defendant on or before April 30, 2014 and who were not given at least sixty days written notice of the plant closing that occurred on April 30, 2014 (hereinafter "the Class"). The Representative Plaintiff is a member of the class she seeks to represent.

17. The action is properly maintainable under Fed.R.Civ.P. 23(a) and (b)(3).

18. The Class described in paragraph 17 is sufficiently numerous such that joinder of all persons in the Class is impracticable, as required by Fed.R.Civ.P. 23(a)(1).

19. As required by Fed.R.Civ.P. 23(a)(2), the prosecution of the claim of the Representative Plaintiff requires adjudication of numerous questions of law and fact common to her claim and those of the Class she seeks to represent. The common questions of law include whether the Defendant failed to give the statutory notice required by the WARN Act. The common questions of fact also include: (1) whether Defendant failed to give notice as alleged by Plaintiff, (2) whether this failure was a violation of the law, (3) whether Defendant is a faltering company and such was not required to provide notice under the WARN Act, (4) whether Defendant's closing on April 30, 2014 was caused by business circumstances not reasonably foreseeable, and (5) whether Defendant had a reasonable and good faith belief that its actions associated with the closing did not constitute a violation of the WARN Act. The details of the Representative Plaintiff are encompassed within the claims prosecuted on behalf of the Class and set forth in this Complaint.

20. As required by Fed.R.Civ.P. 23(a)(3), the claim of the Representative Plaintiff is typical of those of the members of the Class. The Representative Plaintiff and the members of

the Class have been and are in in similar fashion adversely affected by Defendant's failure to provide affected employees with written notice sixty days in advance of the Representative Plaintiff and the members of the Class experiencing an employment loss.

21. The Representative Plaintiff and her counsel will fairly and adequately protect the interests of the Class as required by Fed.R.Civ.P. 23(a)(4).

22. The certification is sought pursuant to Fed.R.Civ.P. 23(b)(3). The common issues of fact and law affecting the claims of the Representative Plaintiff and members of the Class, including, but not limited to, the common issues identified above, predominate over any issues affecting only individual claims. A class action is superior to other available means for the fair and efficient adjudication of the claims of the named Plaintiff and members of the proposed class.

## Violation of the WARN Act

23. Defendant is an employer within the meaning of the WARN Act.

24. On April 30, 2014 Defendant had a plant closing as that term is defined by 29 U.S.C. § 2101(a)(2).

25. The plant closing resulted in employment loss, as that term is defined by 29 U.S.C. § 2101(a)(6) for at least fifty of Defendant's employees, excluding part-time employees as that term is defined by 29 U.S.C. § 2101(a)(8).

27. Representative Plaintiff and each of the other members of the Class were discharged by Defendant without cause on their part as part of or as the reasonable foreseeable result of the plant closing ordered by Defendant.

28. Representative Plaintiff and the other members of the Class are affected employees of Defendant within the meaning of 29 U.S.C. §2101(a)(5).

29. Defendant was required by the WARN Act to give Representative Plaintiff and each of the other members of the Class at least 60 days advance written notice of their termination.

30. Defendant failed to give Representative Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

31. Representative Plaintiff and each of the other members of the Class are aggrieved employees of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

32. Defendant failed to pay Representative Plaintiff and each of the other members of the Class back pay and benefits for 60 days from the dates of their respective terminations.

## Pray for Relief

Wherefore, the Representative Plaintiff, on behalf of herself and all members of the Class:

a. Back pay for each day of Defendant's violation at a rate of compensation not less than the higher of either the average regular rate received by such employee during the last three years of the employee's employment or the final regular rate received by such employee, and any benefits to which they were entitled to under the employees' benefit plan including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred;

b. Certification that Representative Plaintiff and other members of the Class constitute a single class;

c. Appointment of the undersigned attorney as Class Counsel;

d. Appointment of the Representative Plaintiff as the Class Representative and payment of reasonable compensation to her for services as such;

    e. Reasonable attorneys' fees and costs that Representative Plaintiff incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

    f. Such other and further relief as this Court may deem just and proper.

Dated: April 30, 2014
Plantation, Florida

                Respectfully submitted,

                */s/ Robert S. Norell*
                Robert S. Norell, Esq.
                E-Mail: rob@floridawagelaw.com
                ROBERT S. NORELL, P.A.
                300 N.W. 70th Avenue
                Suite 305
                Plantation, FL 33317
                Telephone: (954) 617-6017
                Facsimile: (954) 617-6018
                Counsel for Plaintiffs